U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

2020 JUN -3  AM 10: 29

CLERK

BY _____
DEPUTY CLERK

CIVIL ACTION NO:  5: 20· CV- 84

|  |  |
|---|---|
| JOSHUA HARRINGTON, on behalf of himself and all others similarly situated, ) ) ) ) ) | |
| Plaintiff, ) | |
| v. ) | |
| BIMBO BAKERIES USA, INC. and, BIMBO FOODS BAKERIES DISTRIBUTION, LLC Defendants. ) ) ) ) ) | |

## CLASS ACTION AND INDIVIDUAL COMPLAINT

### INTRODUCTION

This is an action brought on behalf of individuals who are current and former delivery

drivers or "Distributors" of Defendants Bimbo Bakeries USA, Inc. and Bimbo Foods Bakeries

Distribution, LLC (together, "Bimbo" or "Defendants") challenging the unlawful

misclassification of them as independent contractors instead of employees. Plaintiff asserts

violations of Vermont's Wage Laws (i.e., VT Stat. §21-342 and VT Stat. § 21-384) on a class

basis and individual claims under the federal Fair Labor Standards Act ("FLSA").[1]

---

[1]      Plaintiff was recently dismissed from a Fair Labor Standards Act ("FLSA") collective action styled *Camp v. Bimbo Bakeries USA, Inc.*, 1:18-cv-00378, after the New Hampshire District Court determined that *Bristol-Myers Squibb Co. v. Superior Court of California*, __ U.S. __, 137 S. Ct. 1773, 198 L. Ed. 395 (2017), prevented it from exercising personal jurisdiction over Defendants with respect to the FLSA claims of individuals (such as Plaintiff) who did not work in New Hampshire. *See Camp*, 2020 U.S. Dist. LEXIS 60997 (D.N.H. Apr. 7, 2020).

1

## PARTIES

1.     Plaintiff Joshua Harrington an adult resident of Topsham, Vermont. From approximately June 2006 to December 2016,[2] Plaintiff Harrington delivered breads and baked goods on behalf of Defendants in Vermont. During the relevant time, he was Defendants' employee as that term is defined under Vermont law and the FLSA.

2.     Defendant Bimbo Bakeries USA, Inc. is a corporate entity with its headquarters in Horsham, Pennsylvania. Defendant Bimbo Bakeries USA, Inc. conducts business through distribution facilities across the United States.

3.     Defendant Bimbo Foods Bakeries, LLC is corporate entity with its headquarters in Horsham, Pennsylvania. It conducts business through distribution facilities across the United States.

4.     Defendants are engaged in interstate commerce and employ individuals engaged in interstate commerce and are therefore covered by the FLSA, and they are "employers" as that term is defined under Vermont's statutes.

## JURISDICTION AND VENUE

5.     The Court has original jurisdiction over the FLSA claims asserted in this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

6.     The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

---

[2]     Vermont's statutory wage laws are governed by a six-year statute of limitations and claimant's individual FLSA claims are tolled as of the date he opted-in to *Camp* (i.e., August 26, 2019).

2

7.      The Court also has jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a)
and (d) where the parties are citizens of different states and the amounts in controversy exceed
the statutory limits.

8.      Venue in this forum is proper pursuant to 28 U.S.C. §§ 1391(a) and (b), because a
substantial part of the events giving rise to this action occurred in this District and the Defendant
is subject to personal jurisdiction in this District.

## FACTS

9.      The business of Defendants and their affiliates consists of delivering breads and
baked goods to grocery stores and other outlets across the United States under the brand names
Sara Lee, Nature's Harvest, and others.

10.     Defendants pay workers to deliver and distribute these breads and baked goods
within specific geographic regions unilaterally determined by Defendants and these areas are
referred to as "routes" or "territories."

11.     Defendants now require most workers to form corporations as a condition of
working for Defendants.  Defendants refer to these individuals as "IBPs."

12.     Plaintiff worked for Defendants in Vermont.

13.     The duties of Plaintiff and other Distributors entail, at least in part, driving
vehicles weighing less than 10,000 pounds because, for example, Plaintiff and others often visit
stores in their personal vehicles to drop off small orders of products and to arrange displays.

14.     On a typical week, Distributors such as the named Plaintiff work at least forty
hours per week delivering the baked goods for Defendants.  This work mainly consists of driving
vehicles to stores within a territory designated by Bimbo, delivering Bimbo's products to these
stores, and arranging the products on the shelves according to Bimbo's display standards.

15.     Plaintiff Harrington estimates having often worked in excess of 60 hours per week

3

during his tenure working for Defendants.

16.     Defendants treat Plaintiff and other IBPs as independent contractors, claiming that they are not entitled to the protections of state and federal employment laws.

17.     Nevertheless, the work of Plaintiff and other IBPs falls squarely within Defendants' usual course of business and their work is integral to Defendants' baked goods distribution business, and Defendants also directly employ delivery drivers who perform the same work for Defendants but who are treated as W2 employees.

18.     In order to work for Defendants, Plaintiff and other IBPs were required to pay a substantial sum of money to purchase purported "Distribution Rights". Most IBPs finance these purchases through loans facilitated by Defendants (often via Avantafirst Capital Financial Services, LLC a wholly-owned subsidiary of Defendants' parent company).

19.     Plaintiff and other IBPs are not engaged in independent businesses. Rather, Plaintiff and IBPs generally work exclusively for Defendants and (where applicable) their associated corporate entities generally exist for the sole purpose of working for Defendants. In fact, Plaintiff and other IBPs are prohibited from performing any similar delivery work for another company.

20.     Defendants exercise virtually unlimited control over Plaintiff's and IBP's work, dictating all prices, requiring Plaintiff and IBPs to deliver to stores that are not profitable, employing supervisors who travel to stores in Plaintiff' territories to review their work, and threatening to terminate Plaintiff and IBPs whose work does not satisfy Defendants' standards.

21.     Defendants unilaterally determine the "price" that its customers (i.e., the grocery stores) must pay Defendants for the products that IBPs are required to deliver to Defendants' customers.

4

22.     Defendants then pay Plaintiff and other IBPs compensation for their distribution services each week, in an amount roughly equal to the difference between the amount of money that Defendants' customers pay for products and the amount of money that Defendants purport to "charge" IBPs for Defendants' products.

23.     Indeed, Defendants have directly paid compensation to Plaintiff and other IBPs pursuant to the arrangement described above during the relevant statutory period up until the present as direct compensation for their delivery services.

24.     Plaintiff and other IBP's routinely work more than forty hours per week, and they are not paid any "time-and-a-half" overtime premium for their hours worked over forty.

25.     Each week, Defendants also make deductions from the earnings of Plaintiff and other IBPs. These deductions are itemized on weekly "settlement sheets" and include, *inter alia*, deductions for route loan repayments, use of Defendants' electronic equipment, lost or stolen product that is never purchased at retail locations, insurance coverage that benefits Defendants, supplies, truck lease payments, penalties for returning too much stale product to Defendants, and other fines and penalties.

26.     In addition, Plaintiff and other IBOs regularly incur work-related expenses for, *inter alia*, gas, vehicle maintenance/repair, and insurance. Defendants do not reimburse Plaintiff and other IBPs for such expenses, which are directly related to the work Plaintiff and other IBPs perform for Defendants.

27.     Though Plaintiff regularly work more than forty hours per week, Defendants do not provide any overtime premium for those hours worked over forty each week.

28.     Defendants' misclassification of its delivery drivers as independent contractors and the additional violations Vermont law described above were willful and undertaken in bad

5

faith because, among other reasons, delivery drivers who provide identical services as Plaintiff have been held to be employees of Defendants. See Matter of Cowan, 159 A.3d 1312 (N.Y. App. Div. 2018) (holding that Bimbo Bakeries "exercised sufficient supervision, direction and control over [IBP] to establish an employer-employee relationship under common-law principles.).

## CLASS ACTION ALLEGATIONS

29.    Plaintiff brings this action under Federal Rule of Civil Procedure 23 on behalf of the following proposed class:

All individuals who, either individually or through a corporate entity, personally deliver

or have delivered Defendants' products as a Distributor or IBP during the relevant

statutory period in Vermont, excluding *only* those who have filed arbitration demands

asserting Vermont wage claims prior to the filing of this complaint.

30.    Upon information and belief, there are more than forty members of the class. The members of each class are so numerous that joinder of all of them is impracticable, and treatment of a class action is the superior method to adjudicate the class members' claims.

31.    There are issues of law and fact common to all class members because Defendants have misclassified them as independent contractors rather than as employees and have unlawfully deprived them of the wage treatment and benefits accorded employees. These questions of law and fact predominate over any questions affecting only individual class members.

32.    Plaintiff and class counsel will fairly and adequately represent the interests of the class.

6

## COUNT I

## (INDIVIDUAL CLAIM AND CLASS CLAIMS UNDER VERMONT LAW)

33.     The actions described above are in violation Vermont wage laws. Defendants have committed a violation VT Stat. §21-342 for failure to pay all wages, including taking unauthorized deductions from the Plaintiff Harrington's and class members' (collectively "Plaintiffs") pay and unlawfully requiring Plaintiffs to bear Defendants' business expenses, and a violation of VT Stat. § 21-384 for failing to pay the Plaintiffs at the required overtime rate.

## COUNT II

## (INDIVIDUAL FLSA CLAIMS)

34.     The FLSA requires that employees receive overtime premium compensation calculated at 150% of their regular pay rate for all hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1). Defendants are employers required to comply with the FLSA's overtime pay mandate, and Plaintiff is an employee entitled to the mandate's protections.

35.     Defendants violated the FLSA by failing to pay Plaintiff overtime premium compensation for hours worked over 40 per week.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this honorable Court to enter the following relief:

A.     An Order certifying the class defined herein comprised of similarly situated individuals pursuant to Fed. R. Civ. P. 23;

B.     An award of damages for all unpaid wages, expenditures, costs, deductions, benefits, or other losses resulting from Defendants' misclassification, as described above (on a class basis under State law and individually under the FLSA);

C.     Restitution of the payments made by Plaintiff and class members in order to purchase their routes, and all other business expenses born by Plaintiff and class

7

members on behalf of Defendants, in an amount sufficient to make them whole;

D.   Statutory liquidated damages, pursuant to applicable state and federal law;

E.   Attorneys' fees and costs; and

F.   Such other legal and equitable relief as the Court deems just and proper.


DATED: June 3, 2020

Respectfully submitted,

JOSHUA HARRINGTON on behalf of himself and
all others similarly situated


By his attorneys,


Geoffrey R. Bok, Esq.
LAW OFFICE OF GEOFFREY BOK
1938 East Craftsbury Road
Craftsbury, VT 05826
(802) 586-2334
Fax (802) 419-8334
geoffreybok@gmail.com


AND

8

Harold L. Lichten (*pro hac vice* admission anticipated)
Matthew W. Thomson (*pro hac vice* admission anticipated)
Zachary L. Rubin (*pro hac vice* admission anticipated)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St. Suite 2000
Boston, MA 02116
(617) 994-5800
Fax (617) 994-5801
hlichten@llrlaw.com
mthomson@llrlaw.com
zrubin@llrlaw.com